# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JOSHUA A. LUNDY**
**United States Army, Appellant**

ARMY 20170324

Headquarters, 82d Airborne Division
Paul J. Cucuzzella, Military Judge
Colonel Travis L. Rogers, Staff Judge Advocate (pretrial & addendum)
Lieutenant Colonel Pia W. Rogers, Acting Staff Judge Advocate (recommendation)

For Appellant:  Colonel Mary J. Bradley, JA; Major Julie L. Borchers, JA (on brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Austin L. Fenwick, JA (on brief).

12 June 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

Appellant and the government agree that the convening authority's action failed to correctly reflect the terms of the pretrial agreement, which required disapproval of any adjudged forfeitures and waiver of automatic forfeitures.  Both parties request this court return the case to the convening authority (CA) for a new action.  We take corrective action ourselves.

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of disobeying an order from his superior commissioned officer, and two specifications of assault consummated by a battery in violation of Articles 90 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890 and 928 (UCMJ).  The military judge sentenced appellant to be discharged from the Army with a bad-conduct discharge, to be confined for ten months, to forfeit all pay and allowances, and to be reduced to the grade of E-1.  The CA approved the sentence as adjudged, contrary to the pretrial agreement.  The case is before us for Article 66(c) review.

## BACKGROUND

In exchange for appellant's pleas, the CA agreed:

> To disapprove any confinement in excess of twenty-four (24) months.
>
> To disapprove any punitive discharge worse than a Bad-Conduct Discharge.
>
> To waive any automatic forfeitures for the benefit of the [appellant's] dependents: [ECL] and [EKL], for the period of six months, the period of confinement, or until the [appellant's] ETS date, whichever occurs first.
>
> To disapprove any adjudged fines.
>
> To disapprove any adjudged forfeitures.

What happened next was a tripartite failure. First, the Acting Staff Judge Advocate (SJA) recommended approving the sentence as adjudged, including approval of the adjudged forfeitures. Second, in his post-trial submissions, appellant's trial defense counsel stated: "The Defense has no corrections to the Staff Judge Advocate's Recommendation." Third, the SJA then also recommended the convening authority approve the sentence as adjudged in his addendum to the Acting SJA's recommendation.[1]

As such, the CA failed to include any language regarding disapproval of adjudged forfeitures in his initial action, and simply stated, "the sentence is approved and, except for that part of the sentence extending to a Bad-Conduct Discharge will be executed."

---

[1] R.C.M. 1106(d)(3), requires the SJAR to include a copy or summary of the pretrial agreement. The SJAR did not provide a summary of the pretrial agreement. Instead the entire record of trial was attached to the SJAR. Although the record of trial included the pretrial agreement and therefore satisfied the rule of providing a copy of the pretrial agreement to the CA, it may have been more beneficial to the CA to include a summary of the pretrial agreement. This is particularly true in appellant's case since the pretrial agreement included the CA taking action on adjudged and automatic forfeitures.

LUNDY—ARMY 20170324

Further, the convening authority's initial action failed to account for his prior deferral of adjudged and waiver of automatic forfeitures as directed in Army Reg. 27-10, Legal Services: Military justice, para. 5-32 (11 May 2016).[2]

## LAW AND ANALYSIS

The appellant struck a bargain with the CA and fulfilled his end of the agreement. Based on post-trial errors in the SJAR and addendum, the CA did not fulfill the terms of the pretrial agreement. The convening authority's action violated the terms of his pretrial agreement with appellant because it approved the adjudged forfeitures that the convening authority agreed to disapprove.

In the interest of judicial economy, and to provide the appellant with the benefit of the bargain he struck with the convening authority, this court takes corrective action in the decretal paragraph. *See United States v. Adney*, 61 M.J. 554, 557 (Army Ct. Crim. App. 2005).

## CONCLUSION

The findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, we affirm only so much of the sentence as provides for appellant to be discharged from the Army with a bad-conduct discharge, to be confined for ten months, and to be reduced to the grade of E-1. As indicated in the convening authority's initial action, the appellant will be credited with three days against the sentence to confinement.

On 2 June 2017, the adjudged forfeitures were deferred until initial action.[3] On 2 June 2017, the automatic forfeitures of all pay and allowances required by Article 58b, UCMJ were waived for six months, the period of confinement, or until the appellant's ETS date, whichever occurred first, with direction that these funds be paid to appellant's spouse, Mrs. BLL, for the benefit of the appellant's dependents, ECL and EKL.

---

[2] Prior to the various errors discussed above, on 2 June 2017, the CA separately deferred the adjudged forfeitures until initial action and waived the automatic forfeitures for six months.

[3] Appellant's Enlisted Record Brief indicates that his ETS date of 8 September 2017 occurred prior to the date of initial action on 22 November 2017.

All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. See UCMJ 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court